1  **Todd M. Friedman (216752)**
   **Law Offices of Todd M. Friedman, P.C.**
2  **21550 Oxnard St. Suite 780,**
   **Woodland Hills, CA 91367**
3  **Phone: 877-206-4741**
   **Fax: 866-633-0228**
4  **tfriedman@toddflaw.com**
   **Attorneys for Plaintiff**
5
6  *Attorneys for Plaintiff, Jamie Trout*
7
8              UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA
10
11 JAMIE TROUT, individually, and on       Case No.
   behalf of all others similarly situated,
12            Plaintiff,                    **CLASS ACTION COMPLAINT**
13        vs.                               (1)  Violation of Unfair Competition
                                                 Law (Cal. Business & Professions
14 COMCAST CORPORATION,                         Code §§ 17500 *et seq*.) and
                                            (2)  Violation of Unfair Competition
15            Defendant.                        Law (Cal. Business & Professions
                                                 Code §§ 17200 *et seq*.)
16
17
18                                          **Jury Trial Demanded**
19
20
21
22
23
24
25
26
27
28

Plaintiff Jamie Trout ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action Complaint against Defendant Comcast Corporation (hereinafter "Defendant" or "Comcast"), pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), to stop Defendant's practice of falsely advertising its products, the Gateway Routers ("the Products") as providing hybrid wireless and modem services for its customers at a high level of performance, when in fact the Class Products are functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant.

2.     Plaintiff brings this class action Complaint to obtain redress for a nationwide class of consumers ("Class Members") who purchased or leased, within the applicable statute of limitations period, one of the Products sold by Defendant.

3.     Defendant is a Pennsylvania corporation and is engaged in the providing of home internet, phone, and television services and distributing related equipment for providing these services with its headquarters in Pennsylvania.

4.     Defendant represents that its Products when leased will provide hybrid wireless and modem services for its customers at a high level of performance, when in fact the Class Products are functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant.

5.     Plaintiff and others similarly situated purchased, leased, and used the Products.

6.     Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that the Products would provide hybrid wireless and

CLASS ACTION COMPLAINT

modem services for its customers at a high level of performance, when in fact the Class Products are functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant..

7.    Upon information and belief, Defendant has been fully aware that the Products were functionally unreliable and defective at providing high quality internet connections and wireless connectivity.

8.    Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase and lease these Products, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

9.    Consumers purchase Products advertised to permit them to access internet services and provide home wireless networking, when used in conjunction with Defendant's service.

10.    Consumers rely on the representations and advertisements of retailers in order to know which products to purchase.

11.    Defendant is a manufacturer that is engaged in the providing of home internet, phone, and television services and distributing related equipment for providing these services with its headquarters in Pennsylvania.

12.    Defendant profits from the sale and leasing of the Products advertised as providing access to Defendant's internet services and providing home wireless networking at a high quality. Without the feature, many of the consumers would not have purchased or leased the Products because the purpose for purchasing the Products was to provide quality access to Defendant's network and wireless home internet.

13.    In actual fact, the Products are functionally unreliable and defective such that using them results in consumers receiving subpar internet service. contrary to how Defendant advertises them.

14.    Consumers are unable to ascertain that the Products will be functionally unreliable and defective and cause subpar internet service and wireless routing based on the advertising and representations of Defendant.

15.    Defendant makes written representations to consumers which contradict the actual effect of the Product on the devices it is used with, namely that it is functionally unreliable and defective such that using it results in consumers receiving subpar internet service.

16.    The aforementioned written and oral representations are objectively false, and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

17.    Defendant's violations of the law include, but are not limited to, the false advertising, marketing, representations, and sale of the defective Products to consumers nationwide.

18.    On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Products and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

19.    This class action is brought pursuant to Federal Rule of Civil Procedure 23.  All claims in this matter arise exclusively under California law.

20.    This matter is properly venued in the United States District Court for the Central District of California, Additionally, Plaintiff resides in the Northern District of California and Defendant does business in the Northern District of California.

21.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

22.     In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff and the class are citizens of many different states.

### THE PARTIES

23.     Plaintiff Jamie Trout ("Plaintiff") is a citizen and resident of the State of California, County of Contra Costa.

24.     Defendant COMCAST CORPORATION is a corporation with its principal place of business and headquarters located in Pennsylvania. Defendant conducts a large share of its business within California.

25.     Plaintiff is informed and believes, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

26.     Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible

1   for the acts, omissions, occurrences, and transactions of each and all its employees,
2   agents, and/or third parties acting on its behalf, in proximately causing the
3   damages herein alleged.

4       27.    At all relevant times, Defendant ratified each and every act or
5   omission complained of herein.   At all relevant times, Defendant, aided and
6   abetted the acts and omissions as alleged herein.

7                           **PLAINTIFFS' FACTS**

8       28.    In 2014, Plaintiff leased a Cisco Gateway Router & Modem from
9   Comcast in order to receive Comcast's home internet service.

10      29.    For the Product, Plaintiff paid more than valuable consideration.

11      30.    Including taxes and fees, Plaintiff paid $10 per month, every month.

12      31.    Defendant advertised the Products as providing hybrid wireless and
13  modem services for its customers at a high level of performance.

14      32.    Relying on the assurance that the Products would permit her to both
15  reliably access Defendant's internet service and provide home networking service,
16  Plaintiff decided to lease the Products. Plaintiff leased the Product because of the
17  assurance that the Product would permit her to suitably access Defendant's home
18  internet service for which she additionally paid a significant amount.

19      33.    Upon using the Product, Plaintiff found that the Product would both
20  intermittently lose internet service as well as drop her devices from the home
21  wireless network, resulting in her receiving a subpar internet service at a level well
22  below the quality promised by Defendant.

23      34.    Upon discovering this defect, Plaintiff felt ripped off, cheated by, and
24  damaged by Defendant.

25      35.    Such sales tactics as used by Defendant rely on falsities and have a
26  tendency to mislead and deceive a reasonable consumer.

27      36.    Defendant expressly represented to Plaintiff, through written
28

statements and advertising, that the Product would provide hybrid wireless and modem services at a high level of performance.

37.    Further, Defendant made no representations that the Products would actually be functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant.

38.    Plaintiff allege that such representations were part of a common scheme to mislead consumers and incentivize them to lease Products in spite of the significant defects and problems caused by the Products.

39.    Plaintiff would not have leased the Product if she knew that the above-referenced statements made by Defendant were false, and that they would provide subpar internet service at a level well below the quality promised by Defendant..

40.    Had Defendant properly marketed, advertised, and represented the Products as functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant, Plaintiffs would not have purchased the Products.

41.    Plaintiff gave her money to Defendant because of the promised high level of performance. Defendant benefited from falsely advertising the features of the Product and failing to disclose its serious failings. Plaintiff received nothing for giving her money to Defendant for the Product, and instead suffered subpar internet service at a level well below the quality promised by Defendant. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiffs in exchange.

42.    Had Defendant properly marketed, advertised, and represented the Products as providing subpar internet service at a level well below the quality promised by Defendant., no reasonable consumer who purchased a Product would

have believed that it would provide hybrid wireless and modem services at a high level of performance.

43.     These misrepresentations that were made to Plaintiff when leasing the Cisco Gateway Router & Modem in 2014 is the same misrepresentations Defendant continues to make for its other Gateway Router & Modems.

44.     Defendant advertises many of its different versions and models of its Gateway Router & Modems using nearly identical representations and tactics.

45.     Plaintiff and those similarly situated who leased a Gateway Router & Modem from Defendant were exposed to and relied on the same identical false misrepresentations as Plaintiff.

46.      Plaintiff seeks to purchase additional routers and modems from other companies advertised to provide a high level of performance, and has an intention to do so; however, Plaintiff is fearful that such advertisements would be equally false, deceptive, and misleading and that they will not function as represented.

## CLASS ACTION ALLEGATIONS

47.     Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

48.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All United States Citizens who, between the applicable statute of limitations and the present, purchased or leased one or more Class Products in California.

49.     Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

50.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

51.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

52.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

53.    Rather, all claims in this matter arise from the identical, false, advertising that the Products would provide hybrid wireless and modem services at a high level of performance, when in fact, such representations were false as the Products were functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant.

54.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

(b)    Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

(c)    Whether Defendant profited from the sale of the Products;

(d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and California Civ. Code § 1750, *et seq*.,

(e)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiffs and Class Members; and

(g)    The method of calculation and extent of damages for Plaintiff and Class Members.

55.    Plaintiff is a member of the class she seeks to represent

56.    The claims of Plaintiff are not only typical of all class members, they are identical.

57.    All claims of Plaintiff and the class are based on the exact same legal theories.

58.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

59.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period.    Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.    Plaintiff's claims are typical of all Class Members as demonstrated herein.

60.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

61.    Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**

**Violation of the California False Advertising Act**

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

**On Behalf of the Class**

62.    Plaintiff incorporates by reference each allegation set forth above.

63.    Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to

be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

64.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

65.     Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the modems and routers advertised to would provide hybrid wireless and modem services at a high level of performance while fully knowing that the Products were functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

66.     Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

67.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products, namely that the Product would would provide hybrid wireless and modem services at a high level of performance. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased and leased the Class Products.  In turn, Plaintiff and other Class Members ended up with Products that were functionally unreliable and

defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant, and therefore Plaintiff and other Class Members have suffered injury in fact.

68.     Plaintiff allege that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

69.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would provide hybrid wireless and modem services at a high level of performance.

70.     Defendant knew that the Class Products in fact were functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant.

71.     Thus, Defendant knowingly sold Class Products to Plaintiffs and other putative class members that were not capable of providing reliable access to Defendant's service.

72.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.   Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.   Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

1
2
3
4

**SECOND CAUSE OF ACTION**

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

**On Behalf of the Class**

5       73.    Plaintiff incorporates by reference each allegation set forth above.

6       74.    Actions for relief under the unfair competition law may be based on
7   any business act or practice that is within the broad definition of the UCL.  Such
8   violations of the UCL occur as a result of unlawful, unfair or fraudulent business
9   acts and practices.   A plaintiff is required to provide evidence of a causal
10   connection between a defendant's business practices and the alleged harm--that is,
11   evidence that the defendant's conduct caused or was likely to cause substantial
12   injury. It is insufficient for a plaintiff to show merely that the defendant's conduct
13   created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory
14   definition of unfair competition covers any single act of misconduct, as well as
15   ongoing misconduct.

16                                  **UNFAIR**

17       75.    California Business & Professions Code § 17200 prohibits any
18   "unfair ... business act or practice."    Defendant's acts, omissions,
19   misrepresentations, and practices as alleged herein also constitute "unfair"
20   business acts and practices within the meaning of the UCL in that its conduct is
21   substantially injurious to consumers, offends public policy, and is immoral,
22   unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs
23   any alleged benefits attributable to such conduct.  There were reasonably available
24   alternatives to further Defendant's legitimate business interests, other than the
25   conduct described herein.  Plaintiff reserves the right to allege further conduct
26   which constitutes other unfair business acts or practices.  Such conduct is ongoing
27   and continues to this date.

28

CLASS ACTION COMPLAINT

76.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

77.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described Class Products, which were functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

78.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products would provide hybrid wireless and modem services at a high level of performance, in order to induce them to spend money on said Class Products.  In fact, knowing that Class Products were functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant and would not meet the needs of Plaintiff and other putative Class Members' devices, Defendant unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiffs would receive from this feature is nonexistent, when this is typically never the case in situations involving the sale of products intended to provide a benefit.  Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

79.     Finally, the injury suffered by Plaintiffs and members of the Class is not an injury that these consumers could reasonably have avoided.    After

Defendant falsely represented that Class Products would provide hybrid wireless and modem services at a high level of performance, these consumers suffered injury in fact due to Defendant's sale of Class Products to them as the Products were functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products were functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase Class Products that were defective. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

80.    Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

81.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

82.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

83.    Here, not only were Plaintiffs and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products

under the basic assumption that it would provide hybrid wireless and modem services at a high level of performance, even though the Product actually was functionally unreliable and defective such that using them results in consumers receiving subpar internet service at a level well below the quality promised by Defendant.    Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

84.    As explained above, Defendant deceived Plaintiffs and other Class Members by representing the Class Products as providing hybrid wireless and modem services at a high level of performance when they actually were incapable of doing so.

85.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

86.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

87.    As explained above, Defendant deceived Plaintiffs and other Class Members by representing the Class Products as providing hybrid wireless and modem services at a high level of performance when they actually were incapable of doing so.

88.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiffs and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.    Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiffs and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to

Plaintiff and Class Members.

89.    These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

90.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiffs and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

91.    Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

92.    Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

93.    Plaintiff, on behalf of herself and the Class, request the following relief:

(a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)    An order certifying the undersigned counsel as Class Counsel;

(c)    An order requiring COMCAST CORPORATION, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)    An order requiring COMCAST CORPORATION to engage in

1    corrective advertising regarding the conduct discussed above;

2    (e)    Actual damages suffered by Plaintiff and Class Members as

3    applicable or full restitution of all funds acquired from Plaintiff

4    and Class Members from the sale of misbranded Class Products

5    during the relevant class period;

6    (f)    Punitive damages, as allowable, in an amount determined by

7    the Court or jury;

8    (g)    Any and all statutory enhanced damages;

9    (h)    All reasonable and necessary attorneys' fees and costs provided

10    by statute, common law or the Court's inherent power;

11    (i)    Pre- and post-judgment interest; and

12    (j)    All other relief, general or special, legal and equitable, to which

13    Plaintiffs and Class Members may be justly entitled as deemed

14    by the Court.

15

16    Dated:  April 6, 2017            Respectfully submitted,

17                        LAW OFFICES OF TODD M. FRIEDMAN , PC

18

19                        By: s/ Todd M. Friedman

20                        TODD M. FRIEDMAN, ESQ.

21                        Attorney for Plaintiff Jamie Trout

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT